**RICHMAN, BERENBAUM & ASSOCIATES, PC**
**BY:  BLAKE L. BERENBAUM, ESQUIRE**
Identification No. 48114
6 Neshaminy Interplex, Suite 212
Trevose, PA  19053
Tel: (215) 985-1300

**MAJOR JURY**

**Attorney for   Plaintiff**

---

RENEE JACKSON
3104 DICKERSON STREET
PHILADELPHIA, PA 19146
   vs.

GREATER PHILADELPHIA HEALTH ACTION,
INCORPORATED
4510 FRANKFORD AVENUE
PHILADELPHIA, PA 19124
   and

SOUTHEAST HEALTH CENTER
800 WASHINGTON AVENUE
PHILADELPHIA, PA 19147
   and

ANTHONY LUISTRO, M.D.
800 WASHINGTON AVENUE
PHILADELPHIA, PA 19147
   and

MICHAEL SPILIOPOULOS, M.D.
800 WASHINGTON AVENUE
PHILADELPHIA, PA 19147
   and

MELORA JONES
800 WASHINGTON AVENUE
PHILADELPHIA, PA 19147
   and

METHODIST HOSPITAL
2301 SOUTH BROAD STREET
PHILADELPHIA 19148

   and

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

MAY TERM, 2015

NO.: 150500158

THOMAS JEFFERSON UNIVERSITY HOSPITAL,
INC., METHODIST HOSPITAL DIVISION
2301 SOUTH BROAD STREET
PHILADELPHIA 19148

## PLAINTIFF'S COMPLAINT

### STATEMENT OF CLAIM

1. Plaintiff, Renee Jackson, hereby files this claim against Defendants, Greater Philadelphia Health Action; Southeast Health Center; Anthony Luistro, M.D.; Michael Spiliopoulos, M.D.; Melora Jones; Methodist Hospital; Thomas Jefferson University Hospital, Inc., Methodist Hospital Division.

2. Plaintiff resides in the county of Philadelphia at the above captioned address, and pursuant to Pa.R.C.P. 1006, as amended, and the Medical Care and Reduction of Errors (MCARE), avails herself of the jurisdiction of this Honorable Court of Common Pleas for Philadelphia County Commonwealth of Pennsylvania in which the incident giving rise to liability has occurred.

3. Defendant, Greater Philadelphia Health Action (Hereinafter referred to as "GPHA") is a business which holds itself out to the general public as employing medical providers and is organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at the above captioned address, which, during all time periods relevant hereto, owned, managed, controlled and/or operated a medical facility wherein Plaintiff, Renee Jackson, sought medical treatment.

4. Defendant, Southeast Health Center is part of GPHA, which holds itself out to the general public as employing medical providers and is organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at the above captioned address, which, during all time periods relevant hereto, owned, managed, controlled and/or operated a medical facility wherein Plaintiff, Renee Jackson, sought medical treatment.

Case ID: 150500158

5. Defendant, Anthony Luistro, M.D. is a licensed physician with GPHA and the Clinical Director of its Southeast Health Center, with his principal place of business located at the above captioned address.

6. Defendant, Michael Spiliopoulos, M.D. is a licensed physician with GPHA, with his principal place of business located at the above captioned address.

7. Defendant, Melora Jones is a physician's Assistant with GPHA, with his principal place of business located at the above captioned address.

8. Defendant, Methodist Hospital is a business which holds itself out to the general public as employing medical providers and is organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at the above captioned address, which, during all time periods relevant hereto, owned, managed, controlled and/or operated a medical facility wherein Plaintiff, Renee Jackson, sought medical treatment.

9. Defendant, Thomas Jefferson University Hospital, Inc., Methodist Hospital Division is a business which holds itself out to the general public as employing medical providers and is organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at the above captioned address, which, during all time periods relevant hereto, owned, managed, controlled and/or operated a medical facility wherein Plaintiff, Renee Jackson, sought medical treatment.

10. At all times material hereto, Defendants, Anthony Luistro, M.D., Michael Spiliopoulos, M.D. and Melora Jones, acted both individually, jointly and/or severally with, by and/or through Defendants, Greater Philadelphia Health Action and Southeast Health Center.

11. At all times material hereto, Defendants, Anthony Luistro, M.D., Michael Spiliopoulos, M.D. and Melora Jones, were acting as the actual and/or apparent agent, ostensible agent, agency, servant, workman, employee and/or appointee. Defendants, Greater Philadelphia Health Action and Southeast Health Center authority. Defendants, Anthony Luistro, M.D.,

Michael Spiliopoulos, M.D. and Melora Jones, were acting within the course and scope of her actual and/or apparent or ostensible employment, appointment and/or agency relationship, and further acted by and through either their own or Defendants, Greater Philadelphia Health Action and Southeast Health Center authority.

12. Defendants, Anthony Luistro, M.D., Michael Spiliopoulos, M.D., Melora Jones, Greater Philadelphia Health Action, Southeast Health Center, Methodist Hospital, and Thomas Jefferson University Hospital, Inc., Methodist Hospital Division failed Plaintiff, Renee Jackson in the performance of their duties and in their actions, which include but are not limited to performing evaluating, diagnosing, treating, admitting to the hospital, prescribing medication, dispensing medication, referring, ordering a patient for diagnostic tests or a specialist consult or surgery, which fell below the acceptable standards of care.

13. Defendants, Anthony Luistro, M.D., Michael Spiliopoulos, M.D., Melora Jones, Greater Philadelphia Health Action, Southeast Health Center, Methodist Hospital, and Thomas Jefferson University Hospital, Inc., Methodist Hospital Division failed Plaintiff, Renee Jackson by not determining the appropriate procedures, safeguards and treatment for a patient that presented with her symptoms, which fell below the acceptable standards of care.

14. Defendants, Anthony Luistro, M.D., Michael Spiliopoulos, M.D. and Melora Jones by virtue of her relationship with Defendants, Greater Philadelphia Health Action and Southeast Health Center, acted by and through either their own or Defendants, Greater Philadelphia Health Action and Southeast Health Center authority.

15. Defendants, Methodist Hospital, and Thomas Jefferson University Hospital, Inc., Methodist Hospital Division by virtue of her relationship with the unknown doctors who treated Plaintiff at their facility, acted through their own authority. The unknown doctors, yet to be named, acted by and through either their own or Defendants, Methodist Hospital, and Thomas Jefferson University Hospital, Inc., Methodist Hospital Division's authority.

## FACTS COMMON TO ALL COUNTS

16. The Plaintiff, Renee Jackson is a resident of Pennsylvania, residing at 3104 Dickerson Street, Philadelphia, PA 19146.

17. In May 2013, Plaintiff, Renee Jackson presented to the emergency room at Thomas Jefferson University Hospital, Inc. with suacute suprapubic pain. Plaintiff had noticed insidious onset of suprapubic pain over the previous three to four weeks, which had been followed by her community health care provider, at a free clinic, Southeast Health Center, which is owned and operated by Greater Philadelphia Health Action.

18. Because no proper evaluation, diagnoses or treatment was done by the doctors at Southeast Health Center and/or Greater Philadelphia Health Action, Plaintiff initially attributed these symptoms to her chronic constipation and attempted to self treat with prune juice and over-the-counter diarrheals without much relief.

19. An ultrasound was performed in the ER which showed a hypoechoic mass in the head of pancreas with dilatation of the biliary and pancreatic duct. Plaintiff was admitted to Yellow 2 service for further workup of these issues.

20. Plaintiff, Renee Jackson's was diagnosed with pancreas cancer stage T3, which could have been prevented with the proper evaluation, diagnoses and treatment prior to it advancing to state T3.

21. Prior thereto, Plaintiff, Renee Jackson was under the care of Defendants, Anthony Luistro, M.D., Michael Spiliopoulos, M.D., Melora Jones, Greater Philadelphia Health Action, Southeast Health Center, which should have detected Plaintiff' cancer much sooner.

22. At all times herein mentioned, Defendants, Anthony Luistro, M.D., Michael Spiliopoulos, M.D., Melora Jones, Greater Philadelphia Health Action, Southeast Health Center, were Plaintiff, Renee Jackson's medical doctors, physician's assistant and/or medical facility providers who managed Plaintiff's health.

23. Upon admission to Defendants, Methodist Hospital, and Thomas Jefferson University Hospital, Inc., Methodist Hospital Division hospital and/or healthcare facility in May 2013, Plaintiff's pancreatic cancer had advanced to stage T3.

24. As a result of the facts set forth in this complaint, Defendants, individually, jointly and severely, increased Plaintiff's risk of harm and death.

## COUNT I
### PLAINTIFF VS. DEFENDANTS, ANTHONY LUISTRO, M.D., MICHAEL SPILIOPOULOS, M.D. AND MELORA JONES
(NEGLIGENCE)

25. Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 through 24 above.

26. Defendant, Anthony Luistro, M.D., Michael Spiliopoulos, M.D. and Melora Jones deviated from the acceptable standard of medical care and these deviations were the proximate cause of Plaintiff's pain and suffering. Defendant, Anthony Luistro, M.D., Michael Spiliopoulos, M.D. and Melora Jones negligently, carelessly, recklessly, and/or with a conscious disregard for and to the detriment of the rights and safety of Plaintiff, Renee Jackson failed to:

   a. Properly monitor the condition of Plaintiff cancer, when Plaintiff first presented into their care. Therefore, Defendants acted with conscious disregard of a known risk;

   b. Employ timely, adequate or appropriate measures to properly place and/or monitor the condition of Plaintiff's cancer, including, but not limited to the placement and/or the continued monitoring of her condition through routine testing, including, but not limited to PET tests, blood work-ups, and regular testing, when Plaintiff first presented into their care, and while Plaintiff was at risk;

   c. Timely, adequately or appropriately recognize Plaintiff's symptoms and/or properly place and/or monitor the condition of Plaintiff's general health;

Case ID: 150500158